UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVEN LEE SELLERS,
    Plaintiff,

vs.                                          Case No.: 5:21cv69/RV/EMT

KILOLO KIJAKAZI,
    Acting Commissioner of Social Security,[1]
        Defendant.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the court upon referral from the clerk. Plaintiff, proceeding pro se, commenced this action by filing a complaint naming the Social Security Administration as Defendant (ECF No. 1); Plaintiff also filed a motion to proceed in forma pauperis (IFP) (ECF No. 2). Plaintiff did not file the complaint on the proper form (*id.*). Indeed, Plaintiff used the pro se civil complaint form (*see* ECF No. 1) rather than the form for use by a pro se plaintiff seeking review of an adverse decision of the Social Security Administration, which appears to be the nature of Plaintiff's claims (*id.*). Plaintiff also did not complete a significant

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is therefore automatically substituted for Andrew Saul as the Defendant in this case.

portion of the Affidavit of Financial Status submitted in support of his motion to proceed IFP (*see* ECF No. 2).

The undersigned thus entered an order denying without prejudice Plaintiff's IFP motion, directing the clerk of court to send Plaintiff the correct set of forms for use by a pro se non-prisoner seeking to proceed IFP and a Complaint for Review of Adverse Social Security Decision, and allowing Plaintiff thirty days in which to either pay the filing fee or obtain leave to proceed IFP and file an amended complaint on the proper form (ECF No. 3). The undersigned advised that failure to comply with the order as instructed could result in a recommendation that the case be dismissed for failure to prosecute or failure to comply with an order of the court (*id.* at 3).

On May 6, 2021, Plaintiff filed an IFP motion and an amended complaint on the proper form (*see* ECF Nos. 5, 6). The undersigned entered an order finding Plaintiff has sufficient funds with which to pay the filing fee and denying Plaintiff's IFP motion (*see* ECF No. 7). With regard to the complaint, the undersigned noted Plaintiff failed to complete all sections of the complaint form, including the "Statement of Claim" section of the form, and failed to attach the requisite documents (*see id.*). The undersigned thus again directed the clerk of court to forward Plaintiff a complaint form and allowed Plaintiff thirty days in which to pay

the filing fee and file a second amended complaint, fully completed with the requisite documents attached.   The undersigned advised that failure to comply with the order as instructed would result in a recommendation that the case be dismissed.

Plaintiff failed to comply within the time allowed.   The undersigned therefore entered an order on June 17, 2021, directing Plaintiff to show cause, if any, within thirty days why the case should not be dismissed for failure to comply with an order of the court (ECF No. 8).   More than thirty days have passed, and Plaintiff has neither paid the filing fee nor filed a second amended complaint.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 27th day of July 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No. 5:21cv69/RV/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.